# In the United States Court of Federal Claims

No. 23-1701C

(Filed: April 2, 2024)

**NOT FOR PUBLICATION**

|  |  |
|---|---|
| **PHILLIP BALL,** | ) |
| *Plaintiff,* | ) |
| v. | ) |
| **THE UNITED STATES,** | ) |
| *Defendant.* | ) |

**ORDER**

*Phillip Ball,* Upper Marlboro, MD, *pro se.*

*Rafael Shapiro,* United States Department of Justice, for Defendant.

**OPINION AND ORDER**

**SOLOMSON, Judge**.

On November 9, 2023, Plaintiff, Phillip Ball, a resident of Upper Marlboro, Maryland, proceeding *pro se*, filed an amended complaint against Defendant, the United States, in this Court. ECF No. 10 ("Compl."). On November 28, 2023, the government filed its motion to dismiss for lack of subject matter jurisdiction pursuant to Rules of the United States Court of Federal Claims ("RCFC") 12(b)(1), contending that Plaintiff's "constitutional claims fall outside the scope of this Court's limited jurisdiction." ECF No. 11 at 1. A day later, on November 29, 2023, Plaintiff moved for leave to file a second amended complaint. ECF No. 12. In Mr. Ball's motion, he listed 20 would-be defendants he sought to add, among them various corporations and individuals. *Id.* On December 20, 2023, the Court denied the motion, and ordered Mr. Ball to respond to the government's motion to dismiss. ECF No. 15.[1] On February 2, 2024, the Court stayed the government's response while it reviewed Plaintiff's complaint

---

[1] Due to a clerical error, Plaintiff was not timely served this order. On February 2, 2024, the Court re-issued the order, giving Plaintiff three additional weeks to respond. ECF No. 16.

for probable lack of jurisdiction.  *Id.*; *see* RCFC 12(h)(3).[2]  Plaintiff subsequently filed another motion for leave to amend, which this Court treats as an answer to the stay.  ECF No. 17.

Plaintiff alleges that he is the owner of residential property located in Upper Marlboro, Maryland.  Compl. at 1, 5.  He claims that when he purchased the property in November 2002, he was "defrauded" by an unspecified mortgagee.  *Id.* at 5.  Specifically, Plaintiff alleges that the purchase instruments he signed "were financial instruments that [were] being traded on the first and secondary markets," and that the mortgagee gave Plaintiff "debentures . . . [that he] did not know . . . as such."  *Id.*  After purportedly discovering that "the purchase that [he] thought [he] had made consciously was actually based in fraud," Plaintiff claims that he has attempted unsuccessfully to rectify these issues.  *Id.* at 5.  He contends that his attorney "did not represent [him] to the best of her ability," that the United States Bankruptcy Court for the District of Maryland "did not uphold [its] oath to the [Federal] [C]onstitution and state constitution," and that local and state officials in Maryland "participated in the theft of [his] home by allowing a fraudulent claim to persist without ever looking at evidence."  *Id.* at 3, 5.  He further claims that his "private property is in conflict of being tak[en] unjustly."  *Id.* at 5.

Plaintiff thus contends that his First, Fourth, and Fifth Amendment rights were violated.  The parties who allegedly "abridged and/or infringed on [his] constitutional rights" were "local and state government officials," a judge from the United States Bankruptcy Court for the District of Maryland, other individual bankruptcy court officials, two banks, three law firms, an attorney, and an auctioneer.  Compl. at 2–5.  In total, Plaintiff identifies 28 individual parties by name in his amended complaint.  *See id.* at 3.  Plaintiff wants his alleged property and all his alleged debentures returned to him.  *Id.* at 6.

Plaintiff is proceeding *pro se*, and this Court generally holds a *pro se* plaintiff's pleading to "less stringent standards."  *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The Court, however, "may not . . . take a liberal view of [a] jurisdictional requirement and set a different rule for *pro se* litigants only."  *Kelley v. Sec'y of Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).  In other words, even a *pro se* plaintiff "bears the burden of proving that the Court of Federal Claims possesse[s] jurisdiction over his complaint."  *Sanders v. United States*, 252 F.3d 1329, 1333 (Fed. Cir. 2001); *see also Colbert v. United States*, 617 F. App'x 981, 983 (Fed. Cir. 2015) ("No plaintiff, pro se or otherwise, may be excused from the burden of meeting the court's jurisdictional requirements.").  In the absence of subject-matter jurisdiction, the Court "must dismiss the action."  RCFC 12(h)(3); *see also Kissi v. United States*, 493 F. App'x 57, 58 (2012) ("If the Court of Federal

---

[2] This may be done "at any time by the parties or by the court *sua sponte*."  *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004).  A court "may and should raise the question of its jurisdiction *sua sponte*" where jurisdiction is in doubt.  *Miller v. United States*, 67 Fed. Cl. 195, 198 (2005).

Claims determines that it lacks subject matter jurisdiction, it must dismiss the claim." (citing RCFC 12(h)(3))).

Generally, "[t]he jurisdiction of the Court of Federal Claims is defined by the Tucker Act, which gives the court authority to render judgment on certain monetary claims against the United States." *RadioShack Corp. v. United States*, 566 F.3d 1358, 1360 (Fed. Cir. 2009) (citing 28 U.S.C. § 1491(a)(1)). The Tucker Act provides this Court with jurisdiction to decide "actions pursuant to contracts with the United States, actions to recover illegal exactions of money by the United States, and actions brought pursuant to money-mandating statutes, regulations, executive orders, or constitutional provisions." *Roth v. United States*, 378 F.3d 1371, 1384 (Fed. Cir. 2004). The Tucker Act, however, "does not create a substantive cause of action." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc). Rather, "a plaintiff must [also] identify a separate source of substantive law that creates the right to money damages." *Id.* (first citing *United States v. Mitchell*, 463 U.S. 206, 216 (1983); and then citing *United States v. Testan*, 424 U.S. 392, 398 (1976)). Moreover, "[n]ot every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act." *Mitchell*, 463 U.S. at 216. With respect to "money-mandating" claims, the plaintiff must identify a law that "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." *Eastport S.S. Corp. v. United States*, 372 F.2d 1002, 1009, 178 Ct. Cl. 599 (Ct. Cl. 1967).

For the reasons set forth below, the Court dismisses, *sua sponte*, Plaintiff's complaint for lack of subject-matter jurisdiction pursuant to RCFC 12(h)(3). *See Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004) ("Subject-matter jurisdiction may be challenged at any time by the parties or by the court *sua sponte*" (citing *Fanning, Phillips & Molnar v. West*, 160 F.3d 717, 720 (Fed. Cir. 1998))).

*First*, the Tucker Act limits this Court's jurisdiction to claims against the United States. *United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("[T]he Court of [Federal] Claims' . . . jurisdiction is confined to the rendition of money judgments in suits brought for that relief against the United States, and if the relief sought is against others than the United States[,] the suit as to them must be ignored as beyond the jurisdiction of the court." (citations omitted)). The Court thus lacks jurisdiction to decide claims against individuals (whether in their official or personal capacity) or state or local governments. *See Moore v. Pub. Defs. Off.*, 76 Fed. Cl. 617, 620 (2007) ("When a plaintiff's complaint names private parties, or local, county, or state agencies, rather than federal agencies, this court has no jurisdiction to hear those allegations."). Mr. Ball lists twenty-eight private parties and local, state, and Federal officials in his complaint. ECF 10 at 3. While he alleges misconduct by Federal officials, he does not allege misconduct on the part of the United States government itself. *Id.* Additionally, the 20 defendants whom Plaintiff has sought to add to his complaint are all individuals and corporations. ECF No. 12. Because this Court cannot hear claims against individuals and corporations — including against

3

state, local, or federal officials — this court lacks jurisdiction to hear Mr. Ball's claims against them.

*Second*, the Tucker Act limits this Court's jurisdiction to "actions pursuant to contracts with the United States, actions to recover illegal exactions of money by the United States, and actions brought pursuant to money-mandating statutes, regulations, executive orders, or constitutional provisions." *Roth v. United States*, 378 F.3d 1371, 1384. Thus, this Court does not have jurisdiction to hear First Amendment claims because the First Amendment is not money-mandating. *Hashi v. United States*, 162 Fed. Cl. 618, 620 (2022) (citing *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995)). Nor does this Court have jurisdiction to hear claims brought under the Due Process Clause of the Fourth and Fifth Amendment because those clauses are not money-mandating. *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) ("Because monetary damages are not available for a Fourth Amendment violation, the Court of Federal Claims does not have jurisdiction over . . . such a violation."); *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) ("The law is well settled that the Due Process [C]lause[] of . . . the Fifth . . . Amendment[] do[es] not mandate the payment of money and thus do[es] not provide a cause of action under the Tucker Act."). Because Mr. Ball seeks compensation under these non-money-mandating constitutional provisions, this Court does not have jurisdiction to hear such claims.

In sum, Mr. Ball's amended complaint lacks any non-conclusory, non-frivolous factual allegations that amount to a claim within this Court's jurisdiction.

Accordingly, the Court hereby **DISMISSES** Plaintiff's complaint for lack of subject-matter jurisdiction pursuant to RCFC 12(h)(3). The Clerk of the Court is directed to enter **JUDGMENT** for the government, dismissing this case.

**IT IS SO ORDERED**.

s/Matthew H. Solomson  
Matthew H. Solomson  
Judge